**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM RAY HOLLAND,

        Plaintiff,

vs.                                                                    Case No. 3:05-cv-289-J-MCR

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney

Fees (Doc. 23) filed November 17, 2006.  Plaintiff certifies that the Commissioner has

no objection to the Motion or the itemization of services.  (Doc. 23, p.2).  This Motion

follows the entry of a Judgment with Remand in Plaintiff's favor, with respect to

Plaintiff's claim for benefits.  (Doc. 22).

**A.  Eligibility for Award of Fees**

        Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party

can recover an award of attorney's fees against the government provided the party

meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

application for such fees, including an itemized justification for the amount sought, is

timely filed; (3) the claimant must have a net worth of less than $2 million at the time the

Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28

U.S.C. § 2412(d)(1) and (2).

   1.  Prevailing Party

   The Judgment in this case (Doc. 22), filed on August 21, 2006, reversed the final

decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and

remanded the case for further consideration.  The Supreme Court has made clear that a

plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer,

509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the

prevailing party in this case.

   2.  Timely Application

   A plaintiff must file an application for fees and other expenses within thirty days

of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is

defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).

Because the Commissioner normally has sixty days in which to appeal, a judgment

typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then

has thirty days in which to file his or her application so that an application is timely filed

if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at

297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99  F.3d 1086, 1095 n. 4 (11th Cir. 1996).

Here, the Judgment was entered on August 21, 2006, and the Motion was filed on

November 17, 2006, eighty-eight days later.  Accordingly, the Motion was timely filed.

3.  <u>Claimant's Net Worth</u>

The Court permitted Plaintiff to proceed *in forma pauperis*.  <u>See</u> Order (Doc. 4).

The Affidavit of Indigency (Doc. 3) submitted by Plaintiff clearly establishes Plaintiff's net

worth was less than $2 million.

4.  <u>Government's Position Not Substantially Justified</u>

The burden of proving substantial justification is on the Commissioner, who must

demonstrate the substantial justification of her position as a whole.  <u>See</u> <u>United States</u>

<u>v. Jones</u>, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the

Commissioner comes forth and satisfies her burden, the government's position will be

deemed not substantially justified.  In this case, the Commissioner does not dispute the

issue of substantial justification, and accordingly, the Court finds her position was not

substantially justified.

5.  <u>No Special Circumstances</u>

The Court finds no special circumstances indicating an award of fees would be

unjust.

**B.  Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court

now turns to the reasonableness of the amount of fees sought.  Plaintiff requests an

award of $3,100.00 in attorney's fees, representing 24.8 hours at an hourly rate of

$125.00.  (Doc. 23).

The amount of attorney's fees to be awarded "shall be based upon the

prevailing market rates for the kind and quality of the service furnished," except

that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an

increase in the cost of living or a "special factor" justifies a higher fee award.  28

U.S.C. §2412(d)(2)(A).  As Plaintiff seeks an hourly rate of $125, the Court need

not determine whether any special factors are present.  The awarded fee may not

exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C.

§406(b)(1).  There is no contention here that the claimed fee would exceed that

amount.

Plaintiff seeks an award based on 24.8 hours of attorney time.  The Court

believes 24.8 hours of attorney time is reasonable in this case.  Therefore, the

Court finds $3,100.00 ($125.00 x 24.8 hours) is a reasonable fee in this case.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Unopposed Motion for Attorney Fees (Doc. 23) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against

Defendant in the amount of $3,100.00 in attorney's fees.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _11th_ day of

December, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

-4-

Copies to:

Counsel of Record